UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 1:22-cr- 00110 -JAW |
| | ) |
| CAROL BRAGDON | ) |

**INDICTMENT**

The Grand Jury charges:

**Background relevant to all Counts**

*Introduction*

At all times relevant to this Indictment:

    1.     Residential Mortgage Services, Inc. ("RMS") was a Delaware Corporation that provided loans secured by mortgages on residential real estate.

    2.     The Veterans Administration was a United States government agency. Among its activities was administering a loan program that provided federal guarantees to lenders to assist veterans in securing residential mortgage loans.

    3.     VA loan guaranties were made for uniform service personnel, eligible veterans, and reservists who served a specified period of time and were discharged under conditions other than dishonorable, for the purchase of homes, condominiums and manufactured homes, and for refinancing loans. VA guarantees part of the total loan, permitting the purchaser to obtain a mortgage with a competitive interest rate, in some circumstances even without a down payment if the lender agrees. VA guaranties protect the lender against loss up to the amount of the guarantee if the borrower fails to repay the loan.

    4.     The VA offered additional loan guaranty benefits to service members that have incurred a service-connected disability. These benefits included the waiver of the VA funding

fee, Based on the disability rating provided by the VA for a service-connected disability, the service member applying for a VA backed loan may have their VA funding fee, a one-time payment that the Veteran, service member, or survivor pays on a VA-backed or VA direct home loan.

5. Defendant Carol Bragdon was a veteran who did not have a service-connected disability rating.

### *The Scheme to Defraud*

6. From about October 30, 2020, and continuing through about April 20, 2021, in the District of Maine and elsewhere, the defendant

**CAROL BRAGDON**

knowingly devised and intended to devise a scheme and artifice to defraud and obtain money by means of false and fraudulent pretenses, representations and promises.

### *Manner and Means of the Scheme*

7. It was part of the scheme that **BRAGDON** used falsely created bank statements indicating that she had assets and income that she did not, in fact, have.

8. It was further part of the scheme that **BRAGDON** used a false certificate of eligibility indicating that she had a service-connected disability rating, which she did not, in fact, have.

9. It was further part of the scheme that **BRAGDON** used false documentation showing she received VA disability compensation, which she did not, in fact, receive.

10. It was further part of the scheme that **BRAGDON** provided false documentation and representations to RMS for the purpose of obtaining loan funds from RMS.

11.     It was further part of the scheme that **BRAGDON** would use electronic mail messages and online internet portals to present loan application materials to RMS and to communicate with RMS employees. The RMS portal used servers located outside the State of Maine.

12.     The electronic mail used by **BRAGDON** was provided by a California-based electronic service provider utilizing servers outside the State of Maine.

## COUNT ONE
### Wire Fraud

On about November 10, 2020, in the District of Maine, the defendant, **CAROL BRAGDON,** for the purpose of executing the scheme described above, and attempting to do so, knowingly transmitted and caused to be transmitted an interstate wire communication. Specifically, **BRAGDON** emailed a fraudulent VA disability letter for use in her scheme to defraud.

All in violation of Title 18, United States Code, Sections 1343 and 1349.

## COUNT TWO
### Wire Fraud

On about January 4, 2021, in the District of Maine, the defendant, **CAROL BRAGDON**, for the purpose of executing the scheme described above, and attempting to do so, knowingly transmitted and caused to be transmitted an interstate wire communication. Specifically, **BRAGDON** caused the transmission of loan application materials through RMS's document submission portal.

All in violation of Title 18, United States Code, Sections 1343 and 1349.

## COUNT THREE
### Wire Fraud

On about January 4, 2021, in the District of Maine, the defendant, **CAROL BRAGDON**, for the purpose of executing the scheme described above, and attempting to do so, knowingly transmitted and caused to be transmitted an interstate wire communication. Specifically, **BRAGDON** caused an email to be sent to an RMS employee confirming the submission of documents, thereby causing the transmission of interstate wire communications.

All in violation of Title 18, United States Code, Sections 1343 and 1349.

## COUNT FOUR
### Wire Fraud

On about March 18, 2021, in the District of Maine, the defendant, **CAROL BRAGDON**, for the purpose of executing the scheme described above, and attempting to do so, knowingly transmitted and caused to be transmitted an interstate wire communication. Specifically, **BRAGDON** caused the transmission of loan application materials through RMS's document submission portal.

All in violation of Title 18, United States Code, Sections 1343 and 1349.

## COUNT FIVE
### Wire Fraud

On about March 22, 2021, in the District of Maine, the defendant, **CAROL BRAGDON**, for the purpose of executing the scheme described above, and attempting to do so, knowingly transmitted and caused to be transmitted an interstate wire communication. Specifically, **BRAGDON** caused the transmission of loan application materials through RMS's document submission portal.

## COUNT SIX
### Wire Fraud

On about April 13, 2021, in the District of Maine, the defendant, **CAROL BRAGDON**, for the purpose of executing the scheme described above, and attempting to do so, knowingly transmitted and caused to be transmitted an interstate wire communication. Specifically, **BRAGDON** caused the transmission of loan application materials through RMS's document submission portal.

All in violation of Title 18, United States Code, Sections 1343 and 1349.

## COUNT SEVEN
### False Statement to a Mortgage Lending Business

On about January 4, 2021, in the District of Maine, defendant

### CAROL BRAGDON

knowingly made a false statement or report for the purpose of influencing the action of Residential Mortgage Services, Inc. (RMS), an organization which finances or refinances any debt secured by an interest in real estate and whose activities affect interstate or foreign commerce, in connection with an application, advance, discount, purchase, purchase agreement, commitment, and loan. Specifically, the defendant provided RMS with false bank statements misstating her assets and income, when in truth and in fact, as the defendant well knew, her bank records represented substantially different transactions, income, and cash on hand. Additionally, the defendant provided RMS with a false Department of Veterans Affairs (VA) document indicating that the defendant was assessed by the VA as having a Service-Connected disability, when in truth and in fact, as the defendant well knew, no such determination was reflected in VA records.

All in violation of Title 18 of the United States Code, Section 1014.

## COUNT EIGHT
### False Statement to a Mortgage Lending Business

On about March 18, 2021, in the District of Maine, defendant

**CAROL BRAGDON**

knowingly made a false statement or report for the purpose of influencing the action of RMS, an organization which finances or refinances any debt secured by an interest in real estate and whose activities affect interstate or foreign commerce, in connection with an application, advance, discount, purchase, purchase agreement, commitment, and loan. Specifically, the defendant provided RMS with a false bank statement misstating her assets and income, when in truth and in fact, as the defendant well knew, her bank records represented substantially different transactions, income, and cash on hand.

All in violation of Title 18 of the United States Code, Section 1014.

## COUNT NINE
### False Statement to a Mortgage Lending Business

On about March 22, 2021, in the District of Maine, defendant

**CAROL BRAGDON**

knowingly made a false statement or report for the purpose of influencing the action of RMS, an organization which finances or refinances any debt secured by an interest in real estate whose activities affect interstate or foreign commerce, in connection with an application, advance, discount, purchase, purchase agreement, commitment, and loan. Specifically, the defendant provided RMS with a false bank statement misstating her assets and income, when in truth and in fact, as the defendant well knew, her bank records represented substantially different transactions, income, and cash on hand.

All in violation of Title 18 of the United States Code, Section 1014.

## COUNT TEN
### False Statement to a Mortgage Lending Business

On about April 13, 2021, in the District of Maine, defendant

### CAROL BRAGDON

knowingly made a false statement or report for the purpose of influencing the action of RMS, an organization which finances or refinances any debt secured by an interest in real estate and whose activities affect interstate or foreign commerce, in connection with an application, advance, discount, purchase, purchase agreement, commitment, and loan. Specifically, the defendant provided RMS with a false bank statement misstating her assets and income, when in truth and in fact, as the defendant well knew, her bank records represented substantially different transactions, income, and cash on hand. Additionally, the defendant provided RMS with a false VA document indicating that the defendant was assessed by the VA as having a Service-Connected disability, when in truth and in fact, as the defendant well knew, no such determination was reflected in VA records.

All in violation of Title 18 of the United States Code, Section 1014.

## COUNT ELEVEN
### False Statement to a Mortgage Lending Business

On about April 20, 2021, in the District of Maine, defendant

### CAROL BRAGDON

knowingly made a false statement or report for the purpose of influencing the action of RMS, an organization which finances or refinances any debt secured by an interest in real estate and whose activities affect interstate or foreign commerce, in connection with an application, advance, discount, purchase, purchase agreement, commitment, and loan. Specifically, the

defendant provided a written statement indicating that the documentation previously produced to RMS was true and accurate, when in truth and in fact, as the defendant well knew, she had provided on several occasions false bank records and VA documents.

All in violation of Title 18 of the United States Code, Section 1014.

A TRUE BILL.

Signature Redacted – Original on file with the Clerk's Office

Date: 9/14/22

_____
(Assistant) United States Attorney

Joel B. Casey